# EXHIBIT A

ARMSTRONG KELLETT BARTHOLOW PLLC
Theodore O. Bartholow, III ("Thad")
TX Bar No. 24062602
11300 N. Central Expwy. Suite 301
Dallas, TX 75243
Tel. 214.696.9000
Fax 214.696.9001
thad@akbpc.com

DEBTOR'S SPECIAL COUNSEL

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| IN RE: | § |
| | § CASE NO. 13-30466-HDH-13 |
| ERVIN FRANK LAYER | § |
| | § CHAPTER 13 |
| DEBTOR | § |

**AFFIDAVIT OF THEODORE O. BARTHOLOW, III IN SUPPORT
OF APPLICATION TO EMPLOY SPECIAL COUNSEL *NUNC PRO TUNC***

| | |
|---|---|
| STATE OF TEXAS | ) |
| | ) |
| COUNTY OF DALLAS | ) |

Theodore O. Bartholow, III, being first duly sworn on oath, deposes and states as follows:

1. I am an adult resident of the State of Texas, County of Dallas, duly licensed to practice law in the State of Texas and the United States District Court for the Northern District of Texas.

2. I am a partner at Armstrong Kellett Bartholow PLLC and make this verified statement on my own behalf in support of the "Application to Employ Special Counsel *Nunc Pro Tunc*." I have reviewed that Application and the facts alleged therein are true and correct to the best of my knowledge.

3. Ervin Frank Layer is a Debtor under Chapter 13 of the Bankruptcy Code.

4. Armstrong Kellett Bartholow PLLC has not performed legal services for and does

not currently represent any parties in interest in this case other than the Debtor. In particular, Armstrong Kellett Bartholow PLLC does not represent any creditors of the Debtor or any accountants or other professionals the Debtor may seek authority to employ in this case.

5. None of the attorneys at Armstrong Kellett Bartholow PLLC have now or have ever had any financial interest in the Debtor. Armstrong Kellett Bartholow PLLC stands to benefit from representing the Debtor in connection with the investigation of and possible litigation related to stay violations by JPMorgan Chase Bank, N.A.

6. To the best of my knowledge I and Armstrong Kellett Bartholow PLLC are "disinterested persons" as defined in § 101(14) of the Bankruptcy Code. Pursuant to Fed. R. Bankr. P. 2014(a), to the best of my knowledge there are no connections between Armstrong Kellett Bartholow PLLC and its partners on the one hand and (i) the United States Trustee or any person employed by the Office of the United States Trustee, (ii) the Chapter 13 Trustee, (iii) any creditors in this case, and (iv) any attorneys, accountants, and financial consultants who represent or may represent claimants or other parties in interest in this case. Armstrong Kellett Bartholow PLLC has not, and will not, represent any such entities in relation to the Debtor and this case. The only connection between the Debtor and Armstrong Kellett Bartholow PLLC is as counsel in this case.

7. No promises have been received by Armstrong Kellett Bartholow PLLC as to compensation in this case other than in accordance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, the guidelines of the United States Trustee, and local rules of this court. Armstrong Kellett Bartholow PLLC has no agreement with any other entity to share with such entity compensation received by Armstrong Kellett Bartholow PLLC, other than the co-counsel agreement with Allmand Law Firm, PLLC

Dated this 18th day of August, 2014.

_____
Theodore O. Bartholow, III ("Thad")
11300 N. Central Expressway, Suite 301
Dallas, TX 75243

Subscribed and sworn to before me this 18th day of August, 2014.

BRENDA MOROTT
Notary Public, State of Texas
My Commission Expires
October 04, 2014

_____
Notary Public, State of Texas

# EXHIBIT B

THEODORE O. BARTHOLOW, III ("THAD")
11300 N. CENTRAL EXPWY. SUITE 301 DALLAS, TEXAS 75243
TEL.: 214.696.9000 FAX: 214.696.9001 EMAIL: THAD@AKBPC.COM

**BAR ADMISSIONS:**
State: New York and Texas
Federal:  Northern and Eastern Districts of Texas (Bankruptcy and District Courts).

**EDUCATION:**

BENJAMIN N. CARDOZO SCHOOL OF LAW, New York, New York
- J.D. 2002
- Cardozo Mediation Clinic
- Executive Editor, Cardozo Journal of International and Comparative Law
- Runner-up "Best Oralist" Jessup International Law Moot Court Competition (regionals)

UNIVERSITY OF TEXAS AT AUSTIN, B.A. (Philosophy) 1998, Austin, Texas

SKIDMORE COLLEGE (Fall 1993- Spring 1995), Saratoga Springs, New York

**PROFESSIONAL ASSOCIATIONS & COMMUNITY INVOLVEMENT:**

*Graduate*, Max Gardner's Bankruptcy Boot Camp and Ultimate Litigation Bootcamp (2008)

*Member*, National Association of Consumer Bankruptcy Attorneys (2004-Present)

*Member*, Dallas Area Young Bankruptcy Lawyers' Association (2009-Present)

*American Red Cross*, Disaster Volunteer (2007-Present)

*Advisory Board Member*, Safe Horizon Mediation Program (New York 2003-2005)

*Volunteer Mediator*, Civil Court and Small Claims Court for New York City (2001-2005)

**NOTEWORTHY DECISIONS:**

*In re Eads*, 417 B.R. 728, 740 (Bankr.E.D.Tex.2009).

*In re Gulley / In re Jarratt*, 400 B.R. 529, Bkrtcy.N.D.Tex., March 03, 2009 (NO. 07-33271-SGJ-13, 07-36011-SGJ-13).

*In re Brown*, (unpublished) Memorandum of Opinion (J. McGuire) TXEB Case No. 06-40285 Docket No. 103 (2009).

*In re Gulley (Gulley v. Countrywide)*, --- B.R. ----, 2010 WL 3342193, Bkrtcy.N.D.Tex., August 23, 2010 (NO. 07-33271-SGJ-13, ADV 08-03467).

*In re Guevara (Guevara v. Wells Fargo)*, (unpublished) Opinion and Order on Motion for Summary Judgment (J. Hale) TXNB Adv. Proc. No. 08-03191 Docket No. 68 (2009), affirmed on appeal by TXND: *In re Guevara (Guevara v. Wells Fargo)*, (J. Ferguson) Civil Action No. 3:10-cv-0547-F Docket No. 13 (8/18/2010).

*In re Pastran*, Slip Copy, 2010 WL 2773243, Bkrtcy.N.D.Tex., July 13, 2010 (NO. 06-34728-SGJ-13)

*McGuiness v. Dodeka LLC et. al*, Slip Copy, 2010 WL 1856450, E.D.Tex., May 07, 2010 (NO. 4:09CV334)

THEODORE O. BARTHOLOW, III ("THAD")
11300 N. CENTRAL EXPWY. SUITE 301 DALLAS, TEXAS 75243
TEL.: 214.696.9000 FAX: 214.696.9001 EMAIL: THAD@AKBPC.COM

**LEGAL EMPLOYMENT HISTORY:**

ARMSTRONG KELLETT BARTHOLOW P.C., *Partner* (December 2009-Present)
Dallas, Texas

BARTHOLOW & BARTHOLOW P.C., *Partner* (2008-2009)
Dallas, Texas

BARTHOLOW & BARTHOLOW / LAW OFFICE OF MOLLY BARTHOLOW, *Associate* (2004-2008)
Dallas, Texas

BOGRE & BARTHOLOW, *Partner* (2003-2004)
Brooklyn, New York

LONDON FISCHER LLP, *Associate* (2002-2003)
New York, New York

**ARTWORK/ EXHIBITIONS:**

*Bar Matchless Gallery*, Williamsburg (Bklyn), NY (2004)
*Dallas Public Library*, Dallas, Texas (2009)
Online portfolio: www.thadbartholow.com.

# EXHIBIT C

# ARMSTRONG KELLETT BARTHOLOW PLLC

This letter agreement shall serve as the co-counseling agreement between Armstrong Kellett Bartholow PLLC and Allmand Law Firm, PLLC relating to the representation of Ervin Frank Layer ("Client") in Client's proposed legal action against JPMorgan Chase Bank, and any of its assigns, and/or successors in interest and/or any of its parent companies, subsidiaries, officers, directors and/or affiliates, and any other related and appropriate defendants (collectively "Defendant(s)") concerning violations of provisions of the Bankruptcy Code and Rules, and potentially other statutes and law. Armstrong Kellett Bartholow PLLC ("AKB") will be the lead attorneys and Allmand Law Firm, PLLC will be the attorneys of record on behalf of Client.

Both of our firms will share equally in the preparation and presentation of this case, but we have agreed that AKB will serve as lead counsel in this litigation. While this shall mean that AKB will have the primary responsibility for carrying on the day-to-day activities of the litigation, it is expected Allmand Law Firm, PLLC will conduct certain technical aspects of the case such as filing and serving pleadings and documents in the main bankruptcy case and will otherwise participate as needed in the case. Both of our firms agree that we will consult with each other prior to taking any strategic actions and that we will regularly confer with each other in the planning and direction of the case.

Each of our firms will keep the other advised at all times as to the status of the work performed by, or on behalf of, either of us. Allmand Law Firm, PLLC will be responsible for advising Client on the progress of the case. AKB will communicate with Client as needed. Of course, each firm will preserve all client confidences.

Given the nature of the claims to be brought against Defendant(s) in this matter and the availability of fee-shifting statutes, it is expected that we will attempt to obtain an order of the Court requiring Defendant(s) to pay litigation expenses and attorneys fees distributed on a lodestar basis calculated using hours worked times hourly rate, as the relevant base, plus any multiplier awarded by the Court. Similarly, if the case is settled, we will attempt to have the Defendant(s) to pay such fees and expenses.

In recognition of the sharing of responsibility in representing the clients, while dividing the labor between us, Allmand Law Firm, PLLC and AKB have agreed that, unless otherwise ordered by the Court, any lump sum amount provided for attorneys' fees as part of a court award or settlement will be divided between us as follows: First, expenses will be paid on a *pro rata* basis determined fairly by our relative contributions to the expenses of litigation. Second, fees will be to be paid on a *pro rata* basis determined fairly by our relative contributions to the litigation. Allmand Law Firm, PLLC will receive twenty-five percent (25%) of the total attorneys' fees received, net after payment of each firm's expenses, or Allmand Law Firm, PLLC's hourly fees, whichever is greater.

Allmand Law Firm, PLLC
August 13, 2014

In the event that the amount of the attorneys' fees and expenses are disputed by Defendant(s), or any other third party, we will each submit our respective fee applications to the Court. We will maintain contemporaneous time records and other documentation of our work so as to properly support a fee application. We will at all times endeavor to ensure that there is no duplication of the work performed. We will review each other's fee applications prior to filing with the Court.

AKB will be solely responsible for the non-travel litigation expenses necessary to prepare this case for trial. Each firm will maintain appropriate records of all costs and will periodically notify the other firm of the expenses incurred. No experts will be retained and no substantial costs will be incurred without the mutual agreement of AKB and Allmand Law Firm, PLLC Either firm's advances of expenses will be repaid at ten percent (10%) interest per annum, and such expenses, with interest, will be paid *pro rata* prior to the payment of fees as set forth above.

Both of our firms will be responsible for publicizing this case and the public interest issues it addresses. Both of our firms will cooperate fully with all publicity and public education efforts and may publicize this case through their own publications and organizational memberships. Both of our firms must approve all press releases and press conferences, in advance. In all written and oral communications with the press about the case, each firm will mention the other's involvement in the case and *vice versa*.

We reserve the right to terminate this agreement and to seek withdrawal of representation of Client if Client does not honor the terms reached herein or for any just reason as permitted or required by the Texas Rules and Code of Professional Conduct or as permitted by rule of court. We will provide Allmand Law Firm, PLLC with advance notice of any decision to seek withdrawal prior to any filing a motion to withdraw with the Court. AKB also retains the right to seek reimbursement of attorneys' fees or expenses from any court award or settlement for all work performed prior to the termination of the agreement or withdrawal. Of course, Client and Allmand Law Firm, PLLC shall also have the right to terminate this agreement in the event that AKB fails to honor the terms of this agreement or for any just reason as permitted or required by the Texas Rules and Code of Professional Conduct or as permitted by rule of court. You will provide AKB with advance notice of any decision to seek withdrawal prior to any filing with the Court.

If it is subsequently decided by both us and you that additional counsel should be brought into the case to assist in the representation of Client, this agreement will be revised to reflect any new arrangements that are negotiated. In no event will additional counsel perform any work in connection with this case prior to the entry of a written, signed co-counsel agreement with such additional counsel.

Finally, both firms understand that Client must sign a joint retention and representation agreement with us prior to proceeding with the representation of their interests in this action. In

Allmand Law Firm, PLLC
August 13, 2014

the event that Client receives a negative decision on his claims, Armstrong Kellett Bartholow PLLC will review again the legal claims to determine whether to provide legal representation in an appeal of the decision. Similarly, if a separate legal action becomes necessary as part of the litigation of Client's claims, AKB will have the right to determine whether to provide Client with legal representation in the ancillary case or cases.

If this letter accurately represents your understanding of our agreement, please execute a copy on the line provided, have Mr. Layer execute it, and return it to me.

I look forward to working with you on this case.

_____
Allmand Law Firm, PLLC
By: Jacob Decker
Its: Junior Partner

_____
Armstrong Kellett Bartholow PLLC
By: Theodore O. Bartholow, III ("Thad")
Its: Shareholder

_____
Ervin Frank Layer, Client

3

# EXHIBIT D

# ARMSTRONG KELLETT BARTHOLOW PLLC

### AGREEMENT FOR EMPLOYMENT AND POWER OF ATTORNEY

THIS IS AN AGREEMENT between ARMSTRONG KELLETT BARTHOLOW PLLC and THE ALLMAND LAW FIRM, PLLC (referred to as "Attorney"), and Ervin Frank Layer (referred to as "Client"), whereby Client retains and employs Attorney to represent him in prosecuting his claim(s), as follows:

### WITNESSETH:

Client agrees and contracts with Attorney for the legal services to be provided for and on behalf of Client in the representation of Client. Representation is to include advising, counseling, negotiating, investigating, handling, prosecuting, and/or defending in this matter or matters arising in connection with the herein or attendant hereto or arising out of the same set of facts or circumstances, to final settlement or adjudication. Attorney is hereby authorized and empowered through this document to use and employ such other persons and/or entities that Attorney deems necessary for the proper handling of said matters but shall do so only after obtaining Client's consent to such employment.

The specific subject matter of this representation is Client's dispute with JP Morgan Chase and any of its assigns, and/or successors in interest and/or any of its parent companies, subsidiaries, officers, directors and/or affiliates, and any other related and appropriate defendants, (collectively, "Defendants"), concerning violations of provisions of the Bankruptcy Code and Rules, and potentially other statutes and law.

Client hereby gives Attorney Client's power of attorney to execute all documents connected with this cause, for the prosecution of which, Attorney is retained, including pleadings, contracts, checks and/or drafts, settlement agreements, compromises and/or releases, verifications, dismissals and/or orders, and all other documents which Client could properly execute.

## ARTICLE 1
### FACTORS CONSIDERED IN COMPUTATION OF FEE

1.01 **Written Agreement.** Attorney and Client agree that it is feasible and desirable to reach a clear agreement as to the basis of the fee charges to be made in order to prevent later misunderstandings. Therefore, Attorney and Client agree that it is beneficial to reduce to writing the understanding of Attorney and Client regarding the fee.

1.02 **Factors in Setting Fee.** In determination of the total fee to be charged Client, Attorney will consider the following factors and guidelines approved by the Supreme Court of Texas and in the Code of Professional Responsibility on what is a reasonable fee:

Ervin Frank Layer

    a)    The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal services properly;

    b)    The likelihood, if apparent to Client, that the acceptance of the particular employment will preclude any other employment by Attorney;

    c)    The fee customarily charged in the locality for similar legal services;

    d)    The amount involved and the results obtained;

    e)    The time limitations imposed by Client or by the circumstances;

    f)    The nature and length of the professional relationship with Client;

    g)    The experience, reputation, and ability of the lawyer or lawyers performing the services; and

    h)    Whether the fee is fixed or contingent.

    1.03    <u>Hourly Rates and Expenses</u>. As part of the computation of such fee, Client agrees that the time expended by the attorneys will be recorded and billed to Client in minimum tenths of an hour increments at the following rates:

Attorneys' time will be billed at the rates between $250 per hour to $500 per hour. Law clerks' and legal assistants' time will be billed at rates between $75 and $200.

The hourly rates as herein set forth may be adjusted from time to time to the Attorneys' hourly rates currently in effect.

Further, it is agreed that the recordation of time by Attorney as described herein shall apply to legal research, drafting of pleadings, conferences, telephone conversations, preparation of discovery, investigation of facts, preparation for and appearances in court, and other tasks necessary to adequately handle the matter in controversy.

Court costs, deposition costs, duplication costs, telecopier fees, filing fees, runner and travel expenses, long-distance telephone expenses, accountant's fees, mediation costs, appraiser's fees and costs, consultant's fees and costs and other professional fees and costs incurred on Client's behalf (including specialized or local legal counsel), and other disbursements will be paid directly by Client or, when advanced by Attorney, will be borne by and paid for by Client as provided above and below.

2

Ervin Frank Layer

Additionally, it is agreed that the fees and charges set forth above shall be deducted from any settlement or award to Client, if still outstanding.

It is further understood and agreed that fees for any and all legal services rendered by Attorney on the behalf of Client subsequent to or after settlement and final adjudication, specifically exclusive of appeal, shall be governed by the preceding paragraphs.

1.04 <u>Payment of the Fees</u>. Attorneys will attempt to obtain payment of their fees and expenses from Defendants. However, at all times, Client remains responsible for payment of the fees and expenses. Because Client is in a Chapter 13 bankruptcy proceeding, all attorneys' fees and expenses must be approved by the Bankruptcy Court before payment by the Trustee and/or Client.

## ARTICLE 2
## APPROVAL NECESSARY FOR SETTLEMENT

2.01 Attorney is hereby authorized to enter into any and all settlement negotiations on behalf of those whom Attorney represents as Attorney deems appropriate. This includes, but is not limited to, Attorney's prerogative to pursue cash or structured payment settlement negotiations.

2.02 Client further authorizes Attorney to take Attorney's fees either in cash or in structured payments as Attorney deems appropriate.

2.03 Client hereby grants unto Attorney a power of attorney to handle negotiations and settlement discussions regarding the obtaining of possession of any and all monies or other things of value subject of the matter due to Client under this claim as fully as Client could do so in person.

    a) This expressly includes the right to sign Client's name on and to any insurance company drafts, money orders, cashier's checks, checks or other negotiable instruments made payable to Attorney and Client, Attorney, or to Client without the joinder of Attorney, submitted to Attorney on behalf of Client in full or partial settlement of this case.

    b) This limited power of attorney further authorizes Attorney to place these monies, referred to above, in Attorney's trust account and from that trust account, make distributions and payments to Attorney for the agreed to fee stated above, reimbursement to Attorney for any and all expenses incurred by Attorney in handling this case, payments to Client of Client's interest in

3

Ervin Frank Layer

the monies recovered as stated above, and payments to parties other than Client and Attorney for their services performed, fees charged or bills rendered in connection with representing Client, including but not limited to medical bills, court reporter fees, deposition fees, investigative services, costs of exhibits or other special expenses incurred by Attorney on behalf of Client.

2.04 No settlement of any nature shall be made for any of the aforesaid claims of Clients without the complete approval of Client.

2.05 Attorney is hereby granted a limited power of attorney so that Attorney may have full authority to prepare, sign and file all legal instruments, pleadings, drafts, authorizations and papers as shall be reasonably necessary to conclude this representation including settlement and/or reduce to possession any and all monies or other things of value due to Client under this claim as fully as Client could do so in person.

## ARTICLE 3
## CLIENT RESPONSIBILITIES

3.01. Client agrees to make a full and honest disclosure to the Attorney of all facts relevant to Client's case, including new facts that may arise during the course of the case. Client will keep the Attorney informed of Client's current address and telephone numbers.

3.02 Client understands that Client has the responsibility to keep the Attorney informed of any significant changes in circumstances, including any changes in financial condition. Client will promptly inform the Attorney if Client should receive any settlement offers, documents or other communications directly from Defendant(s) or any third parties in regards to this matter. Client understands that Attorney, as counsel, is to conduct all communication on Client's behalf with regard to this matter. Client agrees that Client will not initiate any communication and that Client will immediately terminate any communication Client might receive from Defendant(s) or third parties in regards to this matter.

3.03 Client understands that Client may have to appear in court, produce documents, attend depositions, and attend arbitration or mediation. Client will assist, and cooperate with the Attorney, to the fullest extent possible in Attorney's representation of Client's interests in this matter.

## ARTICLE 4
## FAVORABLE OUTCOME NOT GUARANTEED

4.01 CLIENT UNDERSTANDS THAT ATTORNEY HAS MADE NO REPRESENTATION CONCERNING THE SUCCESSFUL TERMINATION OF THE CLAIM

Ervin Frank Layer

OR CLAIMS RELATING TO THE MATTER IN CONTROVERSY OR THE FAVORABLE OUTCOME OF ANY LEGAL ACTION THAT IS OR WILL BE FILED, AND HAS NOT GUARANTEED THAT ATTORNEY WILL OBTAIN REIMBURSEMENT TO CLIENT OF ANY OF THE FEES, COSTS, AND/OR EXPENSES INCURRED BY CLIENT IN THE PROSECUTION OF DEFENSE OF SAID CLAIM OR CLAIMS. CLIENT FURTHER EXPRESSLY ACKNOWLEDGES THAT ALL STATEMENTS BY ATTORNEY ON THESE MATTERS ARE STATEMENTS OF OPINION ONLY.

## ARTICLE 5
## TERMINATION

5.01 Client understands that it is free at any time to discharge the Attorney from representing it by written letter. However, if Client chooses to discharge Attorney, Attorney is under no obligation to find a replacement or to continue representation of Client. In addition, if after discharging Attorney, Client thereafter recovers monetary relief through settlement or trial, Client agrees to pay the discharged Attorney the firm's normal hourly rates, up to the amount of recovery, for the services actually provided to Client in the case prior to the time of discharge and for all litigation costs and expenses expended by any discharged Attorney on Client's behalf.

5.02 Client agrees that Attorney may, upon giving reasonable written notice, seek to terminate its involvement in Client's case.

    a) It is further distinctly understood and agreed between Client and Attorney, that said Attorney, when and if Attorney decides, after full investigation of the facts and research of the law, may return said claim of Client to the Client, and at such time, Client releases Attorney from further action on said claim, and discharges Attorney from this contract, without further liability on the part of said Attorney to said Client.

    b) Attorney may also terminate Attorney's involvement in Client's case if (i) the facts of Client's case are found to be materially and significantly different than Client has stated them, (ii) Client refuses a settlement offer which Attorney considers reasonable under the circumstances and/or given the objectives of the litigation, (iii) Client unreasonably fails to cooperate in the matter or follow our advice on a material matter, or (iv) if any facts are circumstances would, in our view, render our continuing representation unlawful, unethical or impractical. If the Attorney terminates its involvement in Client's case under any of the circumstances set forth in this paragraph 5.02(b), Client agrees that Attorney will retain Attorney's right to recover Attorney's costs and the market value of Attorneys' legal services from Client. If we elect to terminate this Agreement under this paragraph 5.02(b),

5

Ervin Frank Layer

you will take all steps necessary to free us of any obligation to perform further, including the execution of any documents necessary to complete our withdrawal. Termination of our engagement under this paragraph 5.02(b) in no way affects your obligation to pay for services rendered pursuant to the terms of this Agreement.

## ARTICLE 6
## ENTIRE AGREEMENT OF THE PARTIES

6.01    This contract embodies the entire agreement of the parties hereto with respect to the matters herein contained, and it is agreed that this contract may not be modified or revoked unless by written agreement signed by both parties and a copy is attached hereto and made a part hereof.   FURTHER, CLIENT ACKNOWLEDGES THAT IN ADDITION TO CLIENT HAVING READ THIS AGREEMENT IN ITS ENTIRETY, THE UNDERSIGNED ATTORNEY HAS ANSWERED ANY QUESTIONS CONCERNING THE AGREEMENT RAISED BY CLIENT AND CLIENT UNDERSTANDS THE AGREEMENT AND CONSIDERS IT TO BE FAIR AND REASONABLE.

THIS CONTRACT IS SIGNED as of August 13, 2014.

CLIENT: _____
Ervin Frank Layer

ATTORNEY: _____
ARMSTRONG KELLETT BARTHOLOW PLLC
By: Theodore O. Bartholow, III

ATTORNEY: _____
ALLMAND LAW FIRM, PLLC
By: Jacob A. Decker

6